**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Louis Vincent Brown, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Criminal Action No.: 2:07-00422 |
| v. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on Louis Vincent Brown's (Petitioner) *pro se* application for writ of habeas corpus, filed March 16, 2010 pursuant to 28 U.S.C. § 2255. On May 12, 2010, Respondent United States of America filed a motion to dismiss Petitioner's application for habeas corpus. On June 10, 2010, Petitioner filed a motion for leave to supplement his petition, which the Court granted on June 14, 2010. On June 28, 2010, Petitioner filed a supplemental memorandum in support of his earlier 2255 motion, and on July 2, 2010, Petitioner filed his response in opposition to the government's motion to dismiss.

On July 27, 2006, an officer of the Mount Pleasant Police Department stopped Petitioner and discovered his possession of powder cocaine, crack cocaine, and marijuana. On April 11, 2007, a three-count indictment was filed against Petitioner, charging him with (1) possession with intent to distribute powder cocaine, crack cocaine, and marijuana; (2) possession of a firearm in furtherance of a drug trafficking crime; and (3) being a felon in possession of a firearm. Accompanied by his Assistant Federal Public Defender, Robert Haley, Petitioner entered into a plea agreement on August 6, 2007 in which he pled guilty to Counts One and Three, and entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) as to Count

1

Two, possession of a firearm in furtherance of a drug trafficking crime. On April 10, 2008, Petitioner was sentenced to a term of incarceration for 262 months.

Petitioner now moves this Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, alleging that both his trial attorney and appellate attorney provided ineffective representation. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. The Court finds no hearing is necessary to address Respondent's motion and dismisses Petitioner's motion for the reasons discussed below.

## BACKGROUND

Petitioner is currently confined at the Federal Correctional Institution located in Estill, South Carolina. In the spring of 2006, the Mount Pleasant Police Department conducted an investigation of Petitioner, believing that he was involved in drug trafficking activities. During that investigation, law enforcement officers obtained a search warrant for Petitioner's residence based upon two controlled buys from Petitioner using a confidential informant.

On July 27, 2006, as Petitioner was leaving his residence in a vehicle, a traffic stop was conducted and Petitioner was found to be in possession of 20.66 grams of powder cocaine, 15.88 grams of crack cocaine, and 20.52 grams of marijuana. Petitioner admitted that the drugs were his and advised the officers that upon a search of his residence, they would find a digital scale and a loaded firearm. A subsequent search of Petitioner's residence disclosed a digital scale,

2

cocaine residue on both a spoon and a fork, a loaded .380 caliber pistol, and a box of .380 caliber ammunition.

On April 11, 2007, a three-count indictment was filed against Petitioner, charging (1) possession with intent to distribute powder cocaine, crack cocaine, and marijuana; (2) possession of a firearm in furtherance of a drug trafficking crime; and (3) being a felon in possession of a firearm. On August 6, 2007, Petitioner, accompanied by Mr. Haley, entered into the plea agreement discussed earlier. On April 10, 2008, Petitioner was sentenced to a term of incarceration for 262 months. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his sentence and conviction on April 27, 2009, resulting in the filing of the instant motion on March 16, 2010.

Petitioner seeks relief pursuant to 28 U.S.C. § 2255, alleging that both his trial and appellate counsel were ineffective in several regards. First, Petitioner claims that his trial counsel was ineffective for failing to argue that there was no factual basis for his conviction under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug trafficking crime. Second, Petitioner claims that his trial counsel's ineffective assistance rendered his *Alford* plea "unvoluntary [sic] and unintelligible." Third, Petitioner claims that his trial counsel was ineffective for failing to seek a dismissal of one of the firearm counts "for reasons of duplicity." Fourth, as a supplementary argument to his original motion, Petitioner claims that his trial counsel was ineffective during sentencing for failing "to argue that in count-one [sic] of the indictment . . . [Petitioner] should have received the lowest statutory maximum available . . . ." Finally, Petitioner claims that his appellate counsel was ineffective for failing to raise certain "meritorious issues" on direct appeal.

3

**STANDARD OF REVIEW**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). A successful challenge to this Sixth Amendment right may be had through an ineffective assistance of counsel claim if the petitioner demonstrates two things: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to satisfy the first prong of the *Strickland* test, the petitioner must show "that counsel made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985).

In order to satisfy the second prong of *Strickland*, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner has the burden of showing that trial counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

For the reasons stated below, the Court finds that Petitioner failed to meet this burden.

## ANALYSIS

**I.    Petitioner's Claim That his Trial Counsel Was Ineffective For Failing to Argue That There Was No Factual Basis For His Conviction Under 18 U.S.C. § 924(c).**

First, Petitioner claims that his trial counsel was ineffective for failing to argue that there was no factual basis for his conviction under 18 U.S.C. § 924(c)–possession of a firearm in furtherance of a drug trafficking crime.  In support, Petitioner contends that there was no evidence that he possessed a firearm during any drug transactions.  Petitioner also claims that no firearm was found with any of his drugs or the associated proceeds.  A conviction under 18 U.S.C. § 924(c), however, requires neither of these findings; rather, there are two possible modes of conduct that satisfy Section 924(c): (1) using or carrying a firearm during, and in relation to, any crime of violence or drug trafficking; and (2) possessing a firearm in furtherance of crime of violence or drug trafficking. 18 U.S.C. § 924(c).  Moreover, whether or not a firearm was possessed in furtherance of a drug trafficking crime is a factual issue to be decided by the jury. *United States v. Perry*, 560 F.3d 246, 254 (4th Cir. 2009).

Here, Petitioner's § 924(c) charge stemmed from the second option listed above–possession of a firearm in furtherance of a crime of violence or drug trafficking. As previously stated, on the day of Petitioner's arrest, Mount Pleasant police officers observed him leaving his residence in a vehicle and subsequently stopped him.  After the traffic stop, the officers discovered that Petitioner was in possession of powder cocaine, crack cocaine, and marijuana.  After admitting that the drugs were his, Petitioner advised the officers that a search of his residence would reveal a digital scale near the microwave oven and a loaded firearm in his bedroom.  A subsequent search of Petitioner's residence confirmed these admissions; the officers found a digital scale, cocaine residue on utensils, a loaded pistol, and a box of ammunition.

Because Petitioner was found to be in possession of drugs shortly after leaving his residence, the logical conclusion stands that he possessed those drugs within his residence. Notably, this same dwelling housed Petitioner's loaded firearm. Also important is the fact that Petitioner's residence contained a digital scale adjacent to a microwave oven and a fork and spoon dusted in cocaine residue. As the Government points out in its response to Petitioner's claim, microwave ovens are often used to convert powder cocaine into crack cocaine. Moreover, utensils covered in drug residue are similarly indicative of this narcotic conversion process. Finally, the controlled buys in which a police informant purchased narcotics from Petitioner further indicate Petitioner's drug trafficking venture.

In its response to Petitioner's claim, the Government explains that if Petitioner had decided to go to trial instead of entering a plea, it was prepared to use the facts listed above to argue the following theory: Petitioner manufactured drugs in his residence for subsequent sale; and Petitioner kept a loaded firearm in his residence to protect the drugs and/or drug trafficking activities that he was conducting in his residence. *See United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (explaining that a firearm might further or advance drug trafficking by providing a mechanism of defense against someone trying to steal drugs or profits therefrom or by lessening the chance that a robbery would even be attempted in the first instance). Moreover, the Government presented all of this information at Petitioner's plea hearing. The Court even suggested to Petitioner how the Government would likely present evidence that Petitioner's firearm was possessed for the protection of his drug activities. Furthermore, in Petitioner's prior direct appeal to the United States Court of Appeals for the Fourth Circuit, the Court held that Petitioner's plea was supported by an "independent factual basis." *United States v. Brown*, 324 F. App'x 231, 232 (4th Cir. 2009).

In sum, the Government had a theory, backed by a sufficient factual basis, that it was willing to leave to the jury's determination. Petitioner, however, chose to waive his right to a jury trial and accept the benefits of the plea bargain offered by the Government. Accordingly, Petitioner's claim that trial counsel was ineffective for failing to argue that there was no factual basis for his conviction under 18 U.S.C. § 924(c), fails.

## II.     Petitioner's Claim That his Trial Counsel's Ineffective Assistance Rendered His *Alford* Plea Involuntary and Unintelligible.

Second, Petitioner claims that his trial counsel's ineffective assistance rendered his *Alford* plea "unvoluntary [sic] and unintelligible." Specifically, Petitioner alleges that if his trial counsel had made a reasonable inquiry into the facts and circumstances of the case, he would not have advised Petitioner to enter an *Alford* plea. In *North Carolina v. Alford*, the Court explained that a defendant may simultaneously plead guilty and contest his innocence–that is, enter into a plea agreement without admitting guilt. 400 U.S. 25, 37-38 (1970). In this case, Petitioner chose to enter an *Alford* plea as it served his goal: To avoid suffering the consequences of being found guilty at trial without admitting guilt to his charge under § 924(c).

As stated above, if Petitioner had chosen to go to trial instead of entering a plea, the Government was prepared to present evidence, grounded in an independent factual basis, that Petitioner possessed a firearm in his dwelling in an effort to protect his drug trafficking activities. Petitioner's trial counsel, Robert Haley, was aware of this information and advised Petitioner of the same. (Plea Trans. at 20). Although Mr. Haley recommended that Petitioner enter the plea agreement, he left the choice to Petitioner. (Plea Trans. at 29). According to Mr. Haley, after hearing both the Government's theory of the case and the advice from his attorney, Petitioner chose to enter an *Alford* plea. Recognizing that there was evidence from which a jury could find him guilty, Petitioner fancied the option that would allow him to gain the advantage

7

of avoiding trial without admitting guilt. (Plea Trans. at 39). In light of these facts and the Court's previous determination that Petitioner entered his plea freely, voluntarily, and intelligently, Petitioner's claim that his trial counsel's ineffective assistance rendered his *Alford* plea involuntary and unintelligible, fails. (Plea Trans. at 50).

### III.     Petitioner's Claim That his Trial Counsel Was Ineffective For Failing to Seek a Dismissal of One of the Firearm Counts For Reasons of "Duplicity."

Third, Petitioner claims that his trial counsel was ineffective for failing to seek a dismissal of one of the firearm counts "for reasons of duplicity." Specifically, Petitioner claims that Count Two of the indictment, which charged a violation of 18 U.S.C. § 924(c), was duplicitous and charged two different violations of criminal conduct: (1) using or carrying a firearm during, and in relation to, any crime of violence or drug trafficking; and (2) possessing a firearm in furtherance of crime of violence or drug trafficking. 18 U.S.C. § 924(c). In light of this, Petitioner claims that his trial counsel was ineffective for failing to move for a dismissal of the charge or moving to force the Government to elect which theory it wished to prosecute under.

The Court finds Petitioner's claim is without merit. First, *Alford* pleas are treated the same as guilty pleas. *Price v. Johnson*, 218 F. App'x 274, 275 (4th Cir. 2007) (citing *Perry v. Commonwealth,* 533 S.E.2d 651, 652-53 (Va. Ct. App. 2000)). Thus, by freely and intelligently entering an *Alford* plea, Petitioner waived his right to make any subsequent non-jurisdictional arguments, including one of duplicitous indictment. *See, e.g., Ferola v. Rushton,* 2008 WL 2572609 (D.S.C. June 25, 2008); *United States v. Hawkins,* 2005 WL 1660840 (D.D.C. July 11, 2005).

8

Next, as illustrated in the preceding sections, Petitioner was well informed that the Government's theory was based strictly on evidence that Petitioner possessed the firearm in furtherance of a drug trafficking crime. At no point did the Government attempt to argue otherwise. Furthermore, Petitioner was informed of this fact by the Government, his attorney, and the Court.

Finally, even if Petitioner's trial attorney successfully convinced the Court to dismiss Count Two on grounds of being duplicitous before Petitioner entered his *Alford* plea, the Government stated that it would have filed a superceding indictment that clarified the charging language. Accordingly, Petitioner would have been in a situation no different from the one he faced when entering his voluntary plea. Therefore, Petitioner has also failed to show prejudice.

For these reasons, Petitioner's claim that his trial counsel was ineffective for failing to seek a dismissal of one of the firearm counts for reasons of duplicity, fails.

**IV.     Petitioner's Claim That his Trial Counsel Was Ineffective For Failing to Argue That In Relation to Count One of the Indictment, Petitioner Should Have Been Sentenced Under the Lowest Statutory Maximum Allowed.**

Fourth, Petitioner claims that trial counsel was ineffective for failing to argue that the Rule of Lenity applied to count one of his indictment at sentencing and, therefore, petitioner should have been sentenced under the lowest statutory maximum allowed. However, Petitioner's claim lacks merit. The Fourth Circuit recently held "the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute.' " *Adderly v. Owens*, 2010 WL 4638754 (D.S.C., 2010) (citing *Barber v. Thomas*, ---U.S. ----, 130 S.Ct. 2499 (2010)). The rule is exercised "at the end of the process of construing what

Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." *Callanan v. United States*, 364 U.S. 587 (1961).

The United States Supreme Court recognized that "the rule of lenity is a principle of statutory construction which applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose."*Bifulco v. United States*, 447 U.S. 381, 387 (1980). Stressing the "touchstone" of this rule "is statutory ambiguity." *Id.* "Where Congress has manifested its intention, we may not manufacture ambiguity in order to defeat that intent."*Id.* "Lenity thus serves only as an aid for resolving an ambiguity; it is not to be used to beget one." *Albernaz v. United States*, 450 U.S. 333 (1981).

The Petitioner argues he should have been sentenced under United States Sentencing Guidelines § 4b1.1(g) based on the marijuana maximum of five years being the least applicable "offense statutory maximum," as opposed to the five to forty year maximum the court employed for sentencing (Pet. June 28, 2010). The Petitioner was charged in count-one of the indictment with Possession with Intent to Distribute Cocaine Base, Powder Cocaine, and Marijuana. (Indictment at 1). Each one of these charges carry varying sentencing penalties, however, there is no ambiguity in construing each penalty with each charge. The Petitioner was not solely charged with § 841(b)(1)(D) in count-one, but the Petitioner was charged with §§ 841(b)(1)(B) and 841(b)(1)(C). Petitioner did not merely possess with intent to distribute marijuana, but powder cocaine and cocaine base as well. Therefore, basing Petitioner's sentence solely on § 841(b)(1)(D), the marijuana charge, is not the appropriate sentence for possession with intent to distribute all three substances.

Petitioner's argument for the Rule of Lenity fails, as this Rule should only be applied if ambiguity in the statute or the penalties the statute imposes exists. *Bifulco* at 387. The Rule of

Lenity does not grant the defendant the right to pick the most lenient sentence from all of the possible sentences arising from multiple charges. The sentencing penalties for the statutes at issue, 21 U.S.C. §§ 841(b)(1)(B) - 841(b)(1)(D) are clear, as the guidelines for each are meticulously articulated depending on the type of narcotic possessed. There is no ambiguity regarding the sentencing penalties for the charges against the Petitioner, therefore, the Petitioner's application of the rule of lenity to this case lacks merit.

**V.    Petitioner's Claims That his Appellate Counsel Was Ineffective For Failing to Raise Certain "Meritorious Issues" On Direct Appeal.**

Finally, Petitioner claims that appellate counsel was ineffective for failing to raise certain "meritorious issues" on direct appeal. Specifically, Petitioner alleges that appellate counsel was ineffective for failing to raise for direct review (1) whether there was insufficient evidence to support a § 924(c)(1) conviction; and (2) whether there was sufficient evidence to support his accompanying *Alford* plea.

The Court finds Petitioner's argument unpersuasive for the same reasons listed in the preceding sections. Again, the Court finds that there was sufficient evidence to support both Petitioner's plea and accompanying conviction. In sum, Petitioner claims appellate counsel was ineffective for the same reasons as his trial attorney. Rather than repeating its analysis, the Court finds that appellate counsel was not ineffective for the reasons amply set forth herein.

## CERTIFICATE OF APPEALABILITY

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## CONCLUSION

Based upon the foregoing, it is **ORDERED** that Petitioner's petition pursuant to § 2255 is hereby **DENIED** and a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**March 3, 2011**
**Charleston, SC**